IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| Rorie N. Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:14CV91 |
| | ) | |
| AC&S, Inc., *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

Comes now the plaintiff, Mr. Rorie Wilson, by Counsel, and hereby moves to Remand the above-captioned case to the Virginia Circuit Court for Newport News. The defendant CBS, Corporation (formerly known as Westinghouse Electric Corporation, hereinafter "Westinghouse") has filed a Notice of Removal pursuant to 28 USC §1442(a)(1) and §1446, asserting that the case at bar is removable because it includes claims of persons acting "under an officer or agency of the United State" (See Defendant's Notice of Removal, p. 1). Westinghouse states that they have filed the Notice of Removal within thirty (30) days of the date Westinghouse could first ascertain that the case was removable under 29 USC §1442(a)(1) and §1446, and that they were unable to ascertain from the four corners of the plaintiff's complaint that Mr. Wilson -whose exposure to asbestos took place entirely while working for the United States Navy as a civilian employee of the Department of Defense—acted under an officer or agency the agency of the United States (See Defendants Notice of Removal, pp. 2-3).

The defendant's recitation of the history of this case is correct. Mr. Wilson filed his civil action in the Virginia Circuit Court for Newport News on or about July 3, 2002 against Westinghouse and other manufacturers of asbestos-containing products and equipment (See

attached Exhibit A, plaintiff's complaint filed in the Virginia Circuit Court for Newport News). As indicated in its Notice of Removal, Defendant Westinghouse was served with this complaint on or about June 5, 2203.

The issue presented before this court is quite simply whether or not Westinghouse could ascertain "from the four corners of the Complaint" whether the case was removable on federal officer grounds" (See Defendant's Notice of Removal, p. 2). Defendant argues that they first received notice that plaintiff alleged exposure to Westinghouse asbestos-containing products on June 20, 2014 at which time plaintiff provided answers to Interrogatories. However this assertion is not compelling given the totality of the allegations made by plaintiff in his complaint.

In the complaint, the plaintiff makes the following allegations:

"The plaintiff alleges personal injury from exposure to the defendants' asbestos-containing insulation products." (See paragraph 1 of the complaint, Exhibit A).

In addition the complaint states:

"The defendants are corporations, companies or other business entities which, during all times material hereto, and for a long time prior thereto, have been, and/or are now engaged, in the manufacturing, producing, selling, merchandising, supplying, applying, distributing, and/or otherwise placing in the stream of commerce asbestos products for industrial and commercial uses." (See paragraph 2 of the complaint, Exhibit A).

"At all times material hereto:
 . . . (q) Defendant, VIACOM, INC., f/k/a WESTINGHOUSE ELECTRIC CORPORATION and CBS CORPORATION, a Pennsylvania Corporation manufactured and/or sold various asbestos containing products, including but not limited to Micarta, to the plaintiff's employer". (See paragraph 4 of the complaint, Exhibit A).
"The plaintiff, Rorie Wilson, was employed in the following trade(s) by the named employer(s) for the period of time shown below:
Employer: United States Navy
Trade: shipfitter, electrician, draftsman, engineer
Years: 1963 to 2001 . . .

Plaintiff was regularly and frequently exposed to asbestos-containing insulation products while working at the above-listed employments. The plaintiff, Rorie Wilson, suffered and suffers from an asbestos-related disease diagnosed in/on 3/15/01 as asbestosis. Throughout plaintiff's employment as set forth above, plaintiff worked with and around asbestos-containing products. During the performance of these activities, plaintiff was frequently and continually exposed to and inhaled asbestos dust and fibers generated from the ordinary and foreseeable use of the defendants' asbestos products and/or devices manufactured and/or sold by defendants which require the use of asbestos products, which proximately resulted in the plaintiff contracting his asbestos-related disease as described above. 7. The plaintiff was exposed to and worked around asbestos and asbestos-containing products during the course of his working years as described in paragraph six above." (See paragraphs 6 and 7 of the complaint, Exhibit A).

"During said periods of time and at all times hereinafter mentioned, the defendants and each of them were manufacturers, suppliers and sellers of asbestos and asbestos insulation products, and did engage in the business of manufacturing, supplying and selling said products; that each of said defendant did manufacture, supply and/or sell asbestos and asbestos insulation products with which the plaintiff came in daily contact; as a result whereof, he suffered and suffers from his asbestos-related disease identified above. 9. That his contracting saiod disease was solely and proximately caused by his exposure to and use of asbestos and asbestos insulation products manufactured, supplied and sold by the defendants individually, concurrently and jointly during the period of time aforesaid." (See paragraph 8 and 9 of the complaint, Exhibit A).

The declarations in the complaint set out that "… plaintiff, Rorie Wilson, was employed… by the United States Navy … as a shipfitter, electrician, draftsman and engineer from 1963 to 2001" (see paragraph 6 of the complaint, Exhibit A). In conjunction with this assertion, plaintiff's complaint indicates that while engaged in his employment for the United States Navy (there is no other employer named as a location where plaintiff was exposed to asbestos) "plaintiff was regularly and frequently exposed to asbestos-containing insulation products while working at the above-listed employments . . . [t]hroughout plaintiff's employment as set forth above, plaintiff worked with and around asbestos-containing products. During the performance of these activities, plaintiff was frequently and continually exposed to and inhaled asbestos dust and fibers generated from the ordinary and foreseeable use of the

defendants' asbestos products and/or devices manufactured and/or sold by defendants which require the use of asbestos products, which proximately resulted in the plaintiff contracting his asbestos-related disease as described above."

Plaintiff's complaint explicitly pleads that while working for the United States Navy as a shipfitter, electrician, draftsman, and engineer, he performed work which caused him to be exposed to asbestos fibers from, inter alia, defendant Westinghouse's asbestos-containing products.

Defendant Westinghouse urges this court to believe that defendant was unable to ascertain whether removal was appropriate from the four corners of the plaintiff's complaint. Yet plaintiff's pleading demonstrates clearly that he worked only for the United States Navy; that he worked in capacities/trades where he was likely to be exposed to asbestos products; and that he was most certainly acting/working under "an officer or agency of the United States". Plaintiff maintains that adequate information was pleaded in the complaint to put the Westinghouse on notice that Mr. Wilson was acting under an officer or agency of the United States Navy.

Defendant Westinghouse also attempts to fit the square peg of *Ross v. Airbus S.A.S,* No. WDQ-13-1053, 2013 U.S. Dist. LEXIS 155760, *7-11 (D. Md. Oct 30, 2013) cited by defendant at page two of its Notice of Removal, into the round hole that is the case at bar. *Ross*, supra, is a decision of the United States District Court for the District of Maryland and was decided on allegations and circumstances different in scope and specificity and is inapposite to the case at bar. The defendants assertion that they were unable to ascertain whether Mr. Wilson's case was removable from the four corners of the complaint is untenable and therefore the time for filing a

Notice of Removal lapsed in 2003, more than 11 years ago.

WHEREFORE, for all the above reasons, the plaintiff respectfully requests that this civil action be remanded to the Virginia Circuit Court for Newport News.

Dated: August 16, 2014　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　　　/s/ Paul A. Weykamp_____
　　　　　　　　　　　　　　　　　　　　　　Paul A. Weykamp
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　Email: pweykamp@weykamplaw.net
　　　　　　　　　　　　　　　　　　　　　　16 Stenersen Lane, Suite 2
　　　　　　　　　　　　　　　　　　　　　　Hunt Valley, MD 21030
　　　　　　　　　　　　　　　　　　　　　　Tel. 410.584.0660
　　　　　　　　　　　　　　　　　　　　　　Fax. 410.584.1005

CERTIFICATE OF SERVICE

I, Paul A. Weykamp, Counsel for Plaintiff Rorie N. Wilson, hereby certify that I have served counsel for Plaintiff in this action with the foregoing by causing a copy of the same to be sent by electronic and United States Mail, postage prepaid, to the following:

　　Mr. Henry N. Ware, Jr., email **hnware@spottsfain.com**
　　Ms. Patricia Bugg Turner, email **pturner@spottsfain.com**
　　Spotts Fain, PC
　　411 East Franklin Street, Suite 600
　　Richmond, VA 23218
　　Counsel for CBS Corporation

　　Mr. Matthew D. Joss, email **joss@taddeosturm.com**
　　TaddeoSturm, PLC
　　3 West Cary Street
　　Richmond, VA 23220
　　Counsel for General Electric Company

Mr. Jeffrey S. Poretz, email **jporetz@milesstockbridge.com**
Mr. Carl Schwertz, email **cschwertz@milesstockbridge.com**
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA  22102
Counsel for SB Decking Co., Inc.

Mr. George J. Dancigers, email **gjdancigers@va-law.org**
McKenry, Dancigers, Dawson & Lake
192 Ballard Court, Suite 400
Virginia Beach, VA  23462
Counsel for Waco, Inc.


Dated: August 16, 2014 /s/ Paul A. Weykamp
Paul A. Weykamp  (VSB #43688)
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Fax: 410-584-1005
Counsel for Plaintiff